█ LIBERTY NATIONAL BANK AND TRUST COMPANY et al., as Executors of GEORGE W. DUNN, Deceased, Respondents, v. BERO CONSTRUCTION CORPORATION, Appellant.— Order unanimously reversed, with costs, and motion denied. Memorandum: Plaintiff's motion for reargument of its motion to strike defenses made after its time to appeal from denial thereof expired should not have been granted. A motion to reargue cannot be used to extend the time to appeal and such a motion must therefore, be made before the time to appeal has expired. (*Matter of Huie [Furman]*, 20 N Y 2d 568; 2 Carmody-Wait 2d, New York Practice, § 8:81 and cases cited therein; McKinney's Cons. Laws of N. Y., Book 7B, CPLR 2221, Supplementary Practice Commentary [1967 Supp. p. 18]). Furthermore, the court lacked power to grant a reargument of the motion after judgment dismissing plaintiff's complaint had been entered. At the same time the court denied plaintiff's motion to strike defenses it granted defendant's motion to dismiss plaintiff's complaint and rendered summary judgment accordingly. The summary judgment so rendered is the procedural equivalent of a trial (*Falk* v. *Goodman,* 7 N Y 2d 87, 91; *Riley* v. *Southern Transp. Co.* 278 App. Div. 605) and the court thereafter lacked jurisdiction to alter it in any matter of substance. That could be done only by vacating the judgment or by an appeal (*Herpe* v. *Herpe,* 225 N. Y. 323, 327). (Appeal from order of Erie Special Term granting reargument of motions to dismiss defenses and for examination before trial.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.