IRENE KRIEGSMAN et al., Respondents, v. CLARA ROSENFELD et al., Defendants, and MORTON M. ROSENFELD, Individually, and as Trustee, et al., Appellants.—

Concur — Eager, J. P., Markewich

694

and McNally, JJ.; Capozzoli and McGivern, JJ., dissent in the following memorandum by McGivern, J.: We are unable to say that it was an improvident exercise of discretion on the part of Special Term to refuse dismissal, under all the circumstances. Every situation of this character is different, and some latitude should be accorded the Justice at Special Term. As was said in *Sortino* v. *Fisher* (20 A D 2d 25, 33) : "there is no intention and there is no occasion to lay down rigid rules or particularize the circumstances controlling the determination of motions to dismiss for failure to prosecute." So, in the instant case, it may be true plaintiff's attorney was more somnolent than he should have been. Yet, the plaintiff's injuries appear substantial, there is an affidavit of merits, and defendant made no move of any vigilance, until *after* the complaint had been served and until after the Statute of Limitations would have expired. We find the situation somewhat unique and not within the fact patterns of any of the precedents cited by the majority. Accordingly, we find no improvident exercise of discretion and no abuse of discretion by Special Term, and we would affirm.