LOIS PARKER et al., Respondents, v JOAN V. McMAHON et al., as Coexecutors of HELEN V. VANATTA, Deceased, Appellants.—Order reversed, without costs, and plaintiff's motion denied. Memorandum: On each of the several occasions when this action appeared upon the Trial Calendar in 1974 and 1975, it was held or put over at the request of plaintiffs. Finally, in April, 1975 plaintiffs were granted a day certain for trial on June 23, 1975. On that date a jury was drawn and the action assigned to a Trial Judge, but plaintiffs did not appear or proceed to trial. Defendants' motion to dismiss the complaint for failure to proceed was denied without prejudice to renew because at the time of the motion, plaintiffs' counsel indicated that he intended to withdraw from the case. Thereafter, defendants made a motion on notice to plaintiffs and their counsel returnable before Special Term. Special Term dismissed the action by order dated July 15, 1975 (CPLR 3215, subd [a]; see, also, 4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.08). By notice dated November 11, 1975 plaintiffs moved for reargument and in December, 1975 the Justice reversed his prior order and ordered the action restored to the Trial Calendar. Defendants appeal from the December order restoring the action to the calendar. When a Trial Justice executes an order which is jurisdictionally valid, that order becomes the law of the case which may be undone only by appellate review and reversal, or by application to reargue or renew or to vacate made to the ordering Judge. A defaulting party may not appeal or move to reargue, however, his only remedy being to move to vacate his default. That application may be made to any Trial Judge (CPLR 2221, 5015). In this action there was no appeal from the July order and so the issue is whether the Trial Justice properly vacated the provisions of the July order by his subsequent order in December restoring the action to the Trial Calendar. Counsel for plaintiffs readily concede that it was improper to grant reargument after the time to appeal the July order had expired (see *Matter of Huie [Furman],* 20 NY2d 568; *Liberty Nat. Bank & Trust Co. v Bero Const. Corp.,* 29 AD2d 627). It is also apparent that the second motion may not be considered a renewal motion inasmuch as plaintiffs alleged no new or different facts in the moving papers (see *Prude v County of Erie,* 47 AD2d 111, 114). Plaintiffs contend, however, that Special Term restored the action to the Trial Calendar in December, 1975 in the proper exercise of its inherent and statutory powers to vacate default judgments (see *Ladd v Stevenson,* 112 NY 325; CPLR 5015). Parenthetically, it should be noted that the order appealed from does no more than order Case No. 72-2113 restored to the Trial Calendar. The court did not grant

reargument or vacate the prior judgment of dismissal and until that was done there was no existing action to restore to the Trial Calendar (see *Liberty Nat. Bank & Trust Co. v Bero Const. Corp., supra*). The only recourse available to plaintiffs at that stage of the proceedings was a motion to vacate (see, generally, 9 Carmody-Wait 2d, NY Prac, § 63:157). However, even if the motion be treated as one to vacate, the order was improper. In July, after notice and after hearing both sides, the court refused to accept plaintiffs' contention that plaintiffs' default in proceeding to trial was excusable, and dismissed their complaint. The court's December order was not made in the exercise of its power to vacate a default. It had already considered that issue. The order of December reversed its July order after the time to appeal had expired, and it did so without being predicated on any of the stated grounds for correcting its own orders specified in CPLR 5015. Insofar as it is contended that the December order rested upon the court's inherent power over its own orders, Special Term was without power to review in December precisely the same issue it had ruled upon in July and reverse its prior determination *(Herpe v Herpe,* 225 NY 323, 327). Finally section 217-a of the Judiciary Law has no application to the facts of this case. That section grants Administrative Judges the power to order vacatur where it appears several defendants would uniformly be entitled to vacatur for defects common to them all. The order of Special Term is reversed and plaintiffs' motion is denied. All concur, except Cardamone and Dillon, JJ., who dissent and vote to affirm the order, in the following Memorandum: The majority view fails to acknowledge fully the long-recognized inherent power that Supreme Court has over its own orders and judgments. It would narrowly limit the power of a Justice of that court over its proceedings when an application is made to be relieved from the effect of a particular order or judgment. And, even assuming that the majority acknowledges this inherent power, it believes that such power was abused in this case. We cannot agree. A court possesses inherent discretionary power over its own proceedings and *for sufficient reason,* in the furtherance of justice, may open its own judgments and orders, and "Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent" *(Ladd v Stevenson,* 112 NY 325, 332; *Clark v Scovill,* 198 NY 279, 286; *Rawson v Austin,* 49 AD2d 803). Such inherent power to open judgments in the furtherance of justice is not unlimited but, rather, is one to be exercised rarely and, then, with sound judicial discretion.. In this case the plaintiff failed to appear in court at the designated time in a negligence action which resulted in an order dismissing her complaint for what Special Term concluded was her willful failure to commence trial. It appears from the record that plaintiff was a passenger in an automobile which had been rear-ended and was offered a settlement of $8,000 to satisfy her claim for damages. The same Special Term Justice after first denying a motion to vacate the dismissal subsequently impliedly vacated it by an order which restored the plaintiff's case to the Trial Calendar. The default in commencing trial by this bedridden septuagenarian plaintiff was plainly not so clearly willful or deliberate as to justify a dismissal of her complaint *(Michaud v Loblaws, Inc.,* 36 AD2d 1013, 1014; *Matter of Mento,* 33 AD2d 650, 651). Whether this inherent power to vacate its own order shall be exercised by a Special Term Justice in any case rests in its own sound discretion, with the exercise of which this court will not ordinarily interfere. Since the law strongly favors granting litigants with meritorious cases their day in court *(Manufacturers & Traders Trust Co. v Commercial Door & Hardware,* 51 AD2d 362, 365), we fail to see

any abuse in the exercise of its discretion by Special Term in this case and, therefore, dissent and vote to affirm. (Appeal from order of Monroe Supreme Court—restore action to Trial Calendar.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.