■ JOHN BIZZARO et al., Plaintiffs, v NICHOLAS J. MELEO et al., Defendants, DOLLINGER CORPORATION, Appellant, and WEB SEAL, INC., Respondent. (And 16 Other Actions.) (Appeal No. 15.)—Judgment unanimously reversed and motion denied. (See *Meleo v Rochester Gas & Elec. Corp.,* 72 AD2d 83.) (Appeal from judgment of Monroe Supreme Court—dismiss complaints and cross claims.) Present—Dillon, P. J., Hancock, Jr., Schnepp and Doerr, JJ.

■ JOHN BIZZARO et al., Plaintiffs, v NICHOLAS J. MELEO et al., Individually and Doing Business as PERINTON MANOR et al., Respondents, et al., Defendants, and DOLLINGER CORPORATION, Appellant. (And 16 Other Actions.) (Appeal No. 16.)—Judgment unanimously reversed and motion denied. (See *Meleo v Rochester Gas & Elec. Corp.,* 72 AD2d 83.) (Appeal from judgment of Monroe Supreme Court—dismiss complaints and cross claims.) Present—Dillon, P. J., Hancock, Jr., Schnepp and Doerr, JJ.

■ ROCHESTER GAS & ELECTRIC CORPORATION, Respondent, v DOLLINGER CORPORATION, Appellant, et al., Defendants. (And 16 Other Actions.) (Appeal No. 17.)—Order unanimously reversed and motion denied. (See *Meleo v Rochester Gas & Elec. Corp.,* 72 AD2d 83.) (Appeal from order of Monroe Supreme Court—partial summary judgment.) Present—Dillon, P. J., Hancock, Jr., Schnepp and Doerr, JJ.

■ In the Matter of SHARON WILLIAMSON, Respondent, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, Respondent, and GABRIEL T. RUSSO, as Director of the Monroe County Department of Social Services, Appellant.—Appeal unanimously dismissed, without costs. Memorandum: We dismiss this appeal without prejudice to appellant Russo's right to renew the application for reargument. Denial of a motion for leave to reargue is not appealable *(Matter of Hooker v Town Bd. of Town of Guilderland,* 60 AD2d 684; *American Bank & Trust Co. v Lichtenstein,* 48 AD2d 790, affd 39 NY2d 857; *Roberts v Connelly,* 35 AD2d 813; *Matter of Bauer [MVAIC],* 31 AD2d 239, 244). Although CPLR 2221 which deals with motions for leave to reargue contains no time limitations, it is well settled that a motion to reargue may not be used by a party to extend its time to appeal and such motion must be made before the expiration of the time in which to appeal from the determination of the original motion *(Matter of Huie [Furman],* 20 NY2d 568; *Liberty Nat. Bank & Trust Co. v Bero Constr. Corp.,* 29 AD2d 627). However, on this record there was a timely application made by a party. Since the parties before the court on the original proceeding had inseparable interests, it would not be contrary to CPLR 2221 for the court to entertain a motion to reargue. (Appeal from order of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.