■ ALBION GRAIN CO., INC., Respondent, v HOWARD FARMS, INC., Appellant.—Order unanimously reversed, with costs, and motion denied. Memorandum: The court erred in vacating a conditional order of preclusion, made after the time to appeal therefrom had expired, upon motion by plaintiff to resettle and amend. "A motion to reargue may not be used by a party to extend its time to appeal; such motion must be made before the expiration of the time in which to appeal from the determination of the original motion (Liberty Nat. Bank & Trust Co. v Bero Constr. Corp., 29 AD2d 627; Matter of Huie [Furman], 20 NY2d 568). An appeal from the order must be taken within 30 days after its filing in the county clerk's office and service with notice of its entry (CPLR 5513, subd [a])" (Delcrete Corp. v Kling, 67 AD2d 1099). The conditional order was filed in the county clerk's office on November 29,

1979 and a copy with notice of entry was admittedly received by plaintiff's attorney on November 30, 1979. Plaintiff did nothing in response to this order until January 3, 1980 when, on the eve of trial, it brought a motion to be relieved of the order. Such relief may be granted pursuant to CPLR 5015 (subd [a], par 1). However, to obtain such relief it was incumbent upon plaintiff to demonstrate that its default in responding to the November order was excusable and to present an affidavit made by a person having knowledge of the facts that its claim is meritorious (see *Allen v Berton*, 55 AD2d 1049). Plaintiff's only excuse is set forth in the affidavit of its attorney wherein it is asserted that the order is irregular, improperly filed and therefore prejudicial to plaintiff because of the failure of defendant to comply with CPLR 2220 in that it did not file plaintiff's bill of particulars along with the preclusion order. This argument is without merit. Failure of defendant to file plaintiff's own bill of particulars can hardly be deemed prejudicial to plaintiff and such an irregularity may be disregarded (CPLR 2001, 2220; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C2220.3). Since plaintiff has failed to meet the heavy burden of explaining its failure to comply with the earlier order of the court it was an improvident exercise of discretion to amend the order, effectively relieving plaintiff of its default (see *Call v Smith*, 34 AD2d 1092). (Appeal from order of Orleans Supreme Court—discovery.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.