■ MELVIN D. UNGAR, Individually and on Behalf of All Those Similarly Situated, Respondent, v HOLMES PROTECTION, INC., Appellant. — In an action pursuant to subdivision (h) of section 349 of the General Business Law, *inter alia,* to recover damages for deceptive acts and practices, defendant appeals from an order of the Supreme Court, Kings County (Leone, J.), dated November 25, 1980, which granted plaintiff's motion to open his default in opposing defendant's earlier preanswer motion to dismiss the complaint, to the extent of modifying the default judgment so that the dismissal was without prejudice to replead. Order reversed, on the law, with $50 costs and disbursements, and

motion denied. Plaintiff's complaint, served August 11, 1980, alleged that contrary to defendant's representation, the number of guards staffing the patrol area for plaintiff's home was too few to adequately protect plaintiff. For himself and other similarly situated subscribers to defendant's service, plaintiff sought, *inter alia,* direct damages in the nature of service charges paid, plus unspecified consequential damages. By motion dated September 22, 1980 and returnable October 6, 1980, defendant sought dismissal of the complaint for failure to state a cause of action and for failure to plead the alleged fraud with requisite specificity (see CPLR 3211, subd [a], par 7; CPLR 3016, subd [b]). Upon plaintiff's default, Special Term, by order dated October 15, 1980, granted defendant's motion. Judgment dismissing the complaint was entered on the order on November 3, 1980. By show cause order dated November 18, 1980, plaintiff moved to open his default. Plaintiff's attorney submitted an affirmation purporting to excuse the default; it stated that the default had been occasioned because he had been "constructively evicted" from his office during an unspecified period, which rendered it "impossible to obtain access to the office or your affirmant's mail" until the return date "had long since passed" and the judgment had been entered. Counsel for defendant asserted without contradiction, however, that his associate had repeatedly but unsuccessfully attempted to contact plaintiff's attorney by leaving messages at his office and with his telephone answering service, initially regarding an extension of time to serve an answer and later regarding the dismissal motion. Counsel pointed out that nothing described by plaintiff's attorney would have prevented him from receiving and responding to messages left with his telephone answering service and that none of the papers mailed to his office had ever been returned by the postal service. Special Term nevertheless ruled that plaintiff's default was excusable and modified the judgment so as to dismiss the complaint, with leave to replead the fraud allegations with requisite specificity (CPLR 3016, subd [b]). We reverse and deny the motion to vacate unconditionally. In order to be relieved of a default, the moving party must not only assert facts constituting a meritorious cause and the absence of willfulness in defaulting, but also a valid excuse for the default (*Bishop v Galasso,* 67 AD2d 753 [CPLR 5015]; cf. Barasch v Micucci, 49 NY2d 594 [CPLR 3012]). The excuse proffered in the affirmation submitted by plaintiff's lawyer in this case amounted to nothing more than law office failure, if that. Counsel simply failed to submit any factual details that would convincingly demonstrate to this court that for reasons beyond his control all access to his telephone messages, as well as mail, had been cut off throughout the entire period in question, short though it was. Law office failure is generally an inadequate excuse as a matter of law (see *Barasch v Micucci, supra,* p 599; *Junior v City of New York,* 85 AD2d 683; *Bruno v Village of Port Chester,* 77 AD2d 580). Therefore, Special Term should have denied plaintiff's application to open his default. Gibbons, J. P., Gulotta, O'Connor and Bracken, JJ., concur.