■ LOUIS A. MIGLIACCIO et al., Appellants, v PHOENIX INSURANCE COMPANY, a Division of TRAVELERS INSURANCE COMPANY, Respondent. — Order unanimously reversed, without costs, and motion denied. Memorandum: Plaintiffs are the owners of a residence in Utica, New York, and in 1978 they hired defendant Marchefka to repair its roof. They commenced this action by summons and complaint in August, 1980, alleging in their complaint that Marchefka managed the construction so negligently that rain and wind damage was caused to the interior of the house and the contents. In a second cause of action against defendant the Phoenix Insurance Company they allege that they purchased a policy from it to indemnify them against such damage and that Phoenix failed to compensate them for their loss. After Phoenix answered, plaintiffs moved to dismiss its four affirmative defenses by motion returnable October 28, 1981. Phoenix submitted no responsive papers and when it failed to appear on the return date of the motion, an order was entered striking all the defenses. On December 18, more than 30 days later, Phoenix moved for reargument which the court granted, and on March 31, 1982 the court granted the order here appealed by which it vacated Phoenix' default and permitted the second affirmative defense, failure to give timely notice, to stand. The court adhered to its prior order in all other respects. The motion to reargue, made after the time to appeal had expired, was untimely (see *Albion Grain Co. v Howard Farms,* 79 AD2d 881; *Liberty Nat. Bank & Trust Co. v Bero Constr. Corp.,* 29 AD2d 627). Accordingly the court erred in reconsidering its order. On this appeal counsel contends that the motion, though termed a motion to reargue, was in fact a motion to renew because it submitted new material for the court's consideration (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2221). As such, he contends that there is no time limit proscribing consideration of the motion (see *Foley v Roche,* 68 AD2d 558; *Prude v County of Erie,* 47 AD2d 111). The "new material", of course, is nothing more or less than the papers which counsel should have submitted on a motion to vacate Phoenix' default and we treat them as such (CPLR 5015, subd [a], par 1; *Albion Grain Co. v Howard Farms, supra*). An order entered on default may be vacated upon demonstration of a reasonable excuse for defendant's failure to appear and a showing of merit (see *Barasch v Micucci,* 49 NY2d 594; *Albion Grain Co. v Howard Farms, supra*). Defendant's excuse in this case is that counsel was engaged in trial in another court on the return date of the motion. In defendant's brief (but not in the moving papers), it also contends that because plaintiffs' cause of action against it was severed from the action against Marchefka before the return date of the motion and the Marchefka action was ordered to proceed to trial, counsel "assumed" plaintiffs' motion to strike would be held in abeyance until the Marchefka claim was resolved. Nothing in his affidavit suggests that it made any such request of the court or plaintiffs' counsel, however, or that there was any agreement to adjourn the motion. By the return date defendant had not responded to the motion, it had not contacted the court and it did not appear, although by counsel's affidavit he was in the same building at the time the motion was argued. The courts have uniformly held that "law office failures", explanations which merely lay blame for the delay at the door of the plaintiff or his lawyers, are insufficient to justify vacating a default (*Ungar v Holmes Protection,* 87 AD2d 589; *Kriegsman v Rosenfeld,* 35 AD2d 693; *Sortino v Fisher,* 20 AD2d 25, 29). Excuses such as the press of other business (*Beermont*

*Corp. v Yager,* 34 AD2d 589), misplacement of a file (*Kriegsman v Rosenfeld, supra*), loss of mail or "constructive eviction" of any attorney from his office (*Ungar v Holmes Protection, supra*), inability to obtain a medical expert (*Scarborough v Zimmon,* 56 NY2d 784), "inadvertent" failure to serve a complaint (*Steen v New Deal Delivery Serv.,* 54 NY2d 796), inability to locate a pertinent document (*Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900), difficulty in investigating the case (*Barasch v Micucci,* 49 NY2d 594, *supra*), and the like are insufficient, as a matter of law, to permit a court in the exercise of its discretion to vacate a default. In this case, the counsel's failure to appear was not the result of inadvertence or mistake; it was an intentional election neither to appear at Motion Term because of other court commitments nor to notify the court or counsel that he was unable to appear. Under the circumstances, Special Term erred in vacating the order striking Phoenix' affirmative defenses. (Appeal from order of Supreme Court, Oneida County, Donovan, J. — dismiss affirmative defenses.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.