■ HILLTOP VILLAGE COOPERATIVE SECTION No. 3, INC., Appellant, v LUCILLE SCHLEIFMAN, Respondent.—In an action for a permanent injunction in which the plaintiff obtained a judgment enjoining the defendant from harboring a dog in her cooperative apartment, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Hyman, J.),

dated September 26, 1984, as denied its motion to hold the defendant in contempt of court.

Order reversed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Queens County, for a hearing on the merits of the motion.

By a judgment of the Supreme Court, Queens County, dated August 6, 1980, the defendant was permanently enjoined from harboring a dog in her apartment. Subsequently, by an order dated April 8, 1981, the defendant was found in contempt of court for having willfully disobeyed the permanent injunction. However, as permitted by the contempt order, the defendant purged herself of the contempt by removing the dog within a stated period of time and by paying a fine. By order to show cause dated July 19, 1984, the plaintiff again moved to adjudge the defendant in contempt of court on the ground that she was again harboring a dog in her apartment.

Special Term improperly refused to entertain the motion, finding that the permanent injunction had been "terminated" because the defendant's prior contempt had been purged. The judgment embodying the permanent injunction has neither been reversed on appeal nor vacated and thus constitutes the law of the case (see, Parker v McMahon, 53 AD2d 1034). The defendant had a continuing duty to obey its mandate (see, State of New York v Congress of Racial Equality, 92 AD2d 815, 816-817) and the plaintiff properly sought to enforce an alleged subsequent violation of the permanent injunction as a separate contempt (see, People v Leone, 44 NY2d 315, 320; Matter of Second Additional Grand Jury v Cirillo, 12 NY2d 206). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.