OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by *858 reversing so much of the order as reversed the trial court’s order of November 3, 1983 and by reinstating the judgment of Supreme Court, Kings County, and, except as so modified, the order of the Appellate Division should be affirmed.
Defendant was convicted after a jury trial of attempted murder in the first degree, criminal possession of a weapon, and assault. Upon defendant’s motion pursuant to CPL 330.30, on August 22, 1983, the trial court, in an order announced on the record, reduced the attempted murder conviction from first to second degree and proceeded immediately to impose sentence. Within 30 days, defendant filed his notice of appeal from the judgment. On November 3, 1983, the People submitted an order modifying the verdict "pursuant to the Court’s decision of August 22.” The order was entered that day, apparently unsigned, and the People the next day filed an appeal from that order. The Appellate Division, having consolidated the People’s appeal with defendant’s appeal, reversed the order insofar as appealed from, vacated the judgment of conviction, reinstated the jury verdict, and remitted the case to Criminal Term for reimposition of sentence in accordance with the verdict. Urging among other grounds that the People’s appeal should not have been heard by the Appellate Division because it was taken more than 30 days from August 22, 1983, defendant seeks reversal of the Appellate Division order.
The narrow question is whether, in the particular factual circumstances presented, the People’s time to appeal the trial court’s modification of the conviction ran from August 22, the date it was announced and judgment immediately rendered thereon, or from November 3, the date the People submitted the written order. There is no compelling answer in the CPL; it neither defines an "order” nor unambiguously specifies the time for taking an appeal from an order.* The People point to CPL 460.10 (1) (a) in support of their contention that the time to appeal an order commences only upon service or entry of that order. In the case of an oral order immediately followed by sentence and the entry of judgment, however, that contention produces an anomaly: the order and sentence are subsumed in the judgment triggering defendant’s time to appeal, *859 yet the People’s time to appeal from that same disposition would be indefinitely enlarged until a written order were served or entered, with the appeals conceivably proceeding independent of each other. In the circumstances, CPL 460.10 must be read to require that an appeal from the order modifying defendant’s conviction be taken at the latest "within thirty days after imposition of the sentence” (CPL 460.10 [1] [a]).
We have considered defendant’s remaining contentions and conclude they are without merit.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur; Judge Titone taking no part.
Order modified in accordance with the memorandum herein and, as so modified, affirmed.

 In this respect the CPL lacks the desired clarity of the CPLR (compare, CPLR 2219, 5513, with CPL 460.10). The statutory omission creates an ambiguity which is at the root of the present dispute, and should be addressed by the Legislature.