■ LUMING CAFE, INC., Respondent, v HENRY BIRMAN et al., Appellants, et al., Defendants.—Order of the Supreme Court, New York County (Elliott Wilk, J.), entered on September 3, 1985, which denoted defendants' motion as one for reargument and denied the motion as untimely, is reversed, on the law, and the matter remanded for reconsideration in accordance with this memorandum, without costs or disbursements.

Following a trial held in connection with the instant case, the jury returned a special verdict. Based thereon, defendants moved for dismissal and judgment on the counterclaim, and plaintiff asserted that it was entitled to judgment in its favor. The court thereafter issued a decision supporting plaintiff's position and directed the parties to settle judgment and order. Defendants then moved to renew the prior motion to set aside the verdict and for judgment on the counterclaim. The court, deeming the motion as one for reargument rather than renewal, declined to consider the substantive arguments advanced by defendants on the ground that the motion itself was untimely.

Since defendants' motion raised no new facts, the court properly characterized it as a request for reargument. However, the court was in error in concluding that the motion was untimely. As the court declared in *Matter of Williamson v Shang* (73 AD2d 836): "Although CPLR 2221 which deals with motions for leave to reargue contains no time limitations, it is well settled that a motion to reargue may not be used by a

party to extend its time to appeal and such motion must be made before the expiration of the time in which to appeal from the determination of the original motion *(Matter of Huie [Furman],* 20 NY2d 568; *Liberty Nat. Bank & Trust Co. v Bero Constr. Corp.,* 29 AD2d 627)." *(See also, Migliaccio v Phoenix Ins. Co.,* 91 AD2d 821.) In that regard, when defendants made their motion to reargue, the time to appeal had not yet expired. This is because an appeal as of right must be taken within 30 days after service upon appellant of a copy of the judgment or order appealed from with notice of entry thereon. (CPLR 5513 [a].) At the time of defendants' motion to reargue, no judgment or order had been settled or entered. Therefore, the motion was timely. While it is true that no appeal lies from an order denying reargument *(Alessi v County of Nassau,* 100 AD2d 561; *Fluman v TSS Dept. Stores,* 100 AD2d 838; *Matter of Williamson v Shang, supra),* the trial court's denial of reargument in the present situation did not involve a determination on the merits. Rather, the court incorrectly concluded that it lacked the authority to entertain the motion. The matter should, therefore, be remanded for consideration of whether defendants' moving papers make a sufficient showing to warrant the granting of reargument. Concur—Kupferman, J. P., Ross, Fein, Milonas and Ellerin, JJ.