■ PATRICIA CARLUCCI, Respondent, v ROBERT S. CARLUCCI, Appellant.

In September 1977 the parties began cohabiting at the defendant's residence. When the relationship soured, the plaintiff instituted an action against the defendant in 1983 seeking, inter alia, damages for breach of an oral promise for support of herself, child support for their infant issue and the imposition of a constructive trust on the defendant's home. The defendant's answer contained two counterclaims seeking damages for the rental value of the premises during the period in which the plaintiff resided with him and for waste and destruction of his property.

On or about August 18, 1986, the defendant sent the plaintiff a demand to file a note of issue by certified mail as required by CPLR 3216 (b) (3). A return receipt was also requested. Following the expiration of the 90-day period, the

defendant moved on January 12, 1987, to dismiss the plaintiff's complaint for failure to prosecute. The plaintiff then cross-moved to dismiss the defendant's counterclaims for want of prosecution asserting that she had sent him a cross demand to file a note of issue on August 29, 1986. The plaintiff admittedly did not send this demand by registered or certified mail as required by CPLR 3216 (b) (3) and further failed to produce an affidavit of service by regular mail. The defendant denied receipt of the plaintiff's demand. By order of the Supreme Court, Nassau County (McCabe, J.), dated May 26, 1987, both motions were granted and the plaintiff's complaint and the defendant's counterclaims were dismissed.

Pursuant to CPLR 3216 (b) (3), upon receipt by registered or certified mail of a demand to resume prosecution of an action, the party against whom such relief is sought must serve and file a note of issue within 90 days. As the plaintiff failed to comply with this statutory mandate and did not even produce an affidavit of service by ordinary mail, it was error for the court to dismiss the defendant's counterclaims. Unlike the situation presented in *Balancio v American Opt. Corp.* (66 NY2d 750), the defendant did not admit service of the plaintiff's cross demand and was prejudiced by the failure to serve the cross demand; thus, we cannot deem the plaintiff's failure to serve her cross demand by registered or certified mail a mere procedural irregularity. As the defendant's counterclaims were improperly dismissed, they must be reinstated and he should be afforded a hearing on the merits should he elect to pursue those counterclaims. Bracken, J. P., Lawrence, Rubin and Kooper, JJ., concur.