■ S.C.E.F. REALTY CORP., Respondent, v EDWARD W. DE-VERNA, JR., Appellant.—In an action to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), entered December 1, 1989, as (1) denied that branch of his motion which was to renew a prior motion to dismiss the complaint pursuant to CPLR 3216, and (2) effectively granted that branch of his motion which was for reargument of the prior motion and thereupon adhered to the original determination made in an order of the same court, dated September 27, 1988, as amended November 3, 1988.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant's primary contention on appeal is that the Supreme Court erred in concluding that his demand for service of a note of issue within 90 days (see, CPLR 3216 [b]) was defective. This contention, however, was raised in the context of the defendant's application for reargument of a prior motion to dismiss the complaint. Although the Supreme Court effectively granted reargument and adhered to its original determination, which was adverse to the defendant, the application for reargument should have been denied outright, as it was made well after the expiration of the time within which to appeal from the determination of the original motion (see, Luming Cafe v Birman, 125 AD2d 180, 181; Liberty Natl. Bank & Trust Co. v Bero Constr. Corp., 29 AD2d 627). In fact, the appellant's motion was made after he had taken an appeal from the prior order and then discontinued the appeal several months later. In any event, the demand for service of a note of issue was jurisdictionally defective, as it was not served by registered or certified mail and service was not acknowledged, thus resulting in prejudice to a substantial right of the plaintiff (see, CPLR 3216 [b] [3]; Carlucci v Carlucci, 140 AD2d 290; cf., Balancio v American Opt. Corp., 66 NY2d 750; Beermont Corp. v Yager, 34 AD2d 589).

Since the plaintiff has never been properly served with a proper demand for service of a note of issue and, in fact, appears to have made the requisite filings so that the action may be placed on the trial calendar, the application for renewal was also properly denied (see, Ciminelli Constr. Co. v City of Buffalo, 110 AD2d 1075, 1076; see also, Martine v Griffiths, 39 AD2d 553). Thompson, J. P., Kunzeman, Lawrence and Balletta, JJ., concur.

■ RICHARDO SANTOS, JR., Individually and as Administra-