OPINION OF THE COURT
Mark C. Dillon, J.
The instant action was commenced on or about January 12, 1998 wherein plaintiff alleges that defendant owes $4,042.57 for work, labor and services tendered by plaintiff between April 30, 1997 through May 31, 1997. The defendant interposed an answer and affirmative defenses on or about May 12, 1998. The answer also contained a counterclaim.
*723 The plaintiff, via this motion, seeks an order dismissing the defendant’s counterclaim because the “defendant has taken absolutely no steps to prosecute the action.” The defendant was served with the motion but has not submitted any opposition papers.
As a general rule, the remedy of dismissal of a pleading where a party neglects to proceed is usually applied in cases where a defendant seeks to dismiss the complaint due to a plaintiff’s laxity. Here, however, it is the plaintiff who is seeking dismissal of defendant’s counterclaim. While not often utilized in this manner, the remedy is nevertheless available to a plaintiff, as long as he complies with the procedural demand requirements set forth in CPLR 3216. (See, Carlucci v Carlucci, 140 AD2d 290 [2d Dept 1988].) Here, it is undisputed that on or about January 10, 2000 the plaintiff did properly serve the defendant with a demand to resume prosecution and to serve and file a note of issue pursuant to CPLR 3216 (b) (3). The defendant has failed to respond to the demand within the statutory 90-day response period.
Accordingly, the plaintiff’s unopposed motion to dismiss defendant’s counterclaim for want of prosecution is granted. Plaintiff is directed to file a note of issue on or before June 30, 2000 as to the primary claims. Since the amount plaintiff seeks to recover is under $6,000, this matter will be referred upon the filing of a note of issue to mandatory arbitration pursuant to 22 NYCRR 28.2, and shall be placed on the court’s separate arbitration calendar.