OPINION OF THE COURT
Marc J. Whiten, J.
The defendant originally charged with one count of assault in the second degree in violation of Penal Law § 120.05 (3),[2] one count of assault in the third degree in violation of Penal Law § 120.00 (1), one count of resisting arrest in violation of Penal Law § 205.30, one count of obstructing governmental administration in the second degree in violation of Penal Law § 195.05, and one count of harassment in the second degree in violation of Penal Law § 240.26 (1), moves for an order, pursuant to Civil Practice Law and Rules § 2221 (d), granting leave to reargue the January 27, 2014 decision of this court, which denied defendant’s motion seeking, pursuant to Criminal Procedure Law § 710.30 (3), to preclude at trial the use of any statement testimony for which proper notice was not provided.
The People oppose the preclusion of any statements contending that CPL 710.30 (1) (a) notice was not required since the statements constituted res gestae.
For the reasons set forth, defendant’s motion to reargue is denied.
*297 Timeliness of Motion
As noted above, defendant’s representative, by motion dated September 2, 2014, seeks to renew and reargue the January 27, 2014 oral decision made by this court. Although seven months have lapsed since the decision of this court and the motion seeking to renew and reargue, the People do not address the motion’s timeliness, and defendant’s representative maintains that the motion is timely, since a notice of entry has not been filed. This court is concerned by defendant’s position and its general affect on criminal practice.
Although it is well-settled that “the CPLR has no application to criminal actions and proceedings” (People v Silva, 122 AD2d 750, 750 [1st Dept 1986]), CPLR 2221 is commonly cited in criminal matters by parties seeking to renew and/or reargue. However, blindly applying CPLR 2221 without consideration of the procedural differences between civil and criminal practice creates a situation where criminal matters may be held open in perpetuity based solely, as in the case at bar, on a process with no basis in criminal procedure law.
CPLR 2221 allows a party to move for leave to renew and/or reargue a decision by the court based on an oversight or misapprehension of law or fact. Pursuant to CPLR 2221, this alleged oversight or misapprehension shall be made to the judge who rendered the decision and order “within thirty days after service of a copy of the order determining the prior motion and written notice of its entry.” (CPLR 2221 [d] [3].) A notice of entry in a civil matter provides notice to affected parties of the decision and/or judgment of the court. Conversely, the common experience in criminal practice is that courts generally issue orders and decisions without reducing them to writing (see People v Elmer, 19 NY3d 501, 509 [2012] [“the common experience of criminal practice (is) courts may issue oral decisions, often on a multitude of matters, without engaging in the additional affirmative step of ensuring that every order is reduced to writing”]).
In support for this motion’s timeliness, defendant cites two civil cases, Zhi Fang Shi v Sanchez (36 AD3d 486 [1st Dept 2007]) and Fuming Cafe v Birman (125 AD2d 180 [1st Dept 1986]). In Zhi Fang Shi v Sanchez, the Appellate Division, First Department held that a second motion to reargue was timely since the notice of entry on the first motion had not yet been served. (Id.) In Fuming Cafe v Birman, the Appellate Division, First Department held that a motion to reargue was timely since no judgment or order had been settled or entered. Both *298 cases turn on the issue of finality. In Zhi Fang Shi, the second motion was deemed by the court to be a motion to reargue the first motion. It follows that unless the first motion is settled by judgment or order that the reargument clock should not run. By the same accord, in Luming Cafe, the Court held the motion was timely not because of a lack of notice of entry but because “no judgment or order had been settled or entered.” (125 AD2d at 181.) In the case at bar, this court’s oral decision and order, on the record in open court, settled defendant’s motion and provided notice. Therefore, since a criminal court oral decision and order, without reduction to a writing, sufficiently settles the matter to support an appeal, it follows, inasmuch as notice of entry is not required in criminal practice that an oral decision sufficiently settles a matter to trigger the reargument clock.
In People v Coaye (68 NY2d 857 [1986]), the Court of Appeals addressed a similar anomaly caused by an oral order which was followed by a notice of appeal served over 30 days after the oral order. The issue before the court was whether the time to appeal ran from the date the oral order was rendered or from the date of the written order. The People argued, similar to defendant herein, that the time to appeal the order commenced only upon the service of entry of the order. The Court of Appeals citing concerns with unfair and indefinite enlarging of one party’s time to appeal concluded that “[i]n the case of an oral order immediately followed by sentence and the entry of judgement . . . [the time to appeal must be] taken at the latest ‘within thirty days after imposition of the sentence.’ ” (Coaye at 858-959.)
By the same accord, the time limitation under CPLR 2221 (d) (3), when dealing with an oral order in a criminal matter that renders a final order or decision, the renewal and/or reargument time should start from the point the decision and order is made not when it is reduced to a writing. Applying CPLR 2221 (d) (3) to criminal matters without such a modification allows for renewal and/or reargument to linger in perpetuity, since a notice of entry is a civil practice not commonly used in criminal matters. (See generally People v Coaye, 68 NY2d 857 [1986].)
Motion to Renew/Reargue
Defendant’s representative moves to reargue contending that this court erred by summarily denying defendant’s motion seeking preclusion of any statements made by defendant for failure to serve timely notice pursuant to CPL 710.30 (3). Specifically, defendant’s representative argues that the court erred in its ruling because it failed to consider the disputed is *299 sue of fact regarding the unnoticed statements. This court disagrees.
A motion to reargue is based “upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion.” (CPLR 2221 [d] [2].) Moreover,
“[a] motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided. Nor does reargument serve to provide a party an opportunity to advance arguments different from those tendered on the original application. It may not be employed as a device for the unsuccessful party to assume a different position inconsistent with that taken on the original motion.” (Foley v Roche, 68 AD2d 558, 567-568 [1st Dept 1979] [citations omitted]; see also Simon v Mehryari, 16 AD3d 664, 665 [2d Dept 2005]; Bush v City of New York, 195 Misc 2d 882, 884 [Sup Ct, Bronx County 2003].)
In the current motion, defendant’s representative is seeking to advance an argument different from that presented in the original motion. In the original motion, submitted to this court on January 27, 2014, defendant’s law representative sought the following:
“1. Mr. Walters moves, pursuant to C.EL. § 710.30 (3) to preclude the People from using at trial any statements for which timely notice was not served. C.EL. § 710.30 (2) requires that notice of any statements that the People intend to use at trial must be serviced on the defense within fifteen days of arraignment. The People did not serve such notice within the allotted time frame, as it has been sixty-five days since Mr. Walter’s arraignment.
“2. Furthermore, notice of statement was requested pursuant to C.EL.§ 240.20 (1) (a) in a Demand for Discovery served on the People on November 20, 2013. In the People’s resposonse (sic), . . . they stated they were ‘unaware of any statements made by the defendant to a public servant.’
*300 “3. Notice of statements in the accusatory instrument does not constitute notice of the People’s intention to offer the evidence at trial.
“4. Once the People fail to serve notice of their intention to use statements, including those statements contained in the complaint, under C.RL. § 710.30 (1), the defense has ‘every right to assume that the People did not plan to use these statements on their direct case.’ Therefore, any statements made by Mr. Walters for which statement notice was not served, including statements attributed to him in the complaint, must be precluded.” (Defendant’s notice of omnibus motion, People v Jaqun Walters, docket No. 2013BX060727, Dec. 22, 2013, at 5-6 [citations omitted].)
In the instant motion, defendant contends that the court erred by failing to consider a material dispute of fact regarding the voluntariness of the statement set forth in his motion. As shown above, defendant’s representative failed to assert any issues of fact nor did defendant’s representative set forth issues of fact regarding the voluntariness of defendant’s statements. Instead, as quoted above, defendant’s representative made general assertions seeking preclusion of statements based solely on the People’s failure to provide CPL 710.30 notice.
It is well-settled that CPLR 2221 “may not be employed as a device for the unsuccessful party to assume a different position inconsistent with that taken on the original motion.” (Foley v Roche, 68 AD2d 558, 567-568 [1st Dept 1979]; see also Simon v Mehryari, 16 AD3d 664, 665 [2d Dept 2005]; Bush v City of New York, 195 Misc 2d 882, 884 [Sup Ct, Bronx County 2003].) It is clear that the defense is attempting to set forth an argument, regarding alleged issues of fact, not presented in the original motion.
Defendant’s original motion sought to preclude statements pursuant to CPL 710.30. “CPL 710.30 is a notice statute intended to facilitate a defendant’s opportunity to challenge before trial the voluntariness of statements made by him.” (People v Lopez, 84 NY2d 425, 428 [1994].) The statute does not require notice of all statements. When, as herein,
“there is no question as to the voluntariness of a defendant’s statements to a public servant, as in the case of res gestae statements, notice to the defendant of the intention to offer such statements into evidence is not required. [Furthermore, a defendant does not] have a right to the discovery of . . . state *301 ments since CPL 240.20 (1) (a) specifically limits a defendant’s statutory right of discovery to statements ‘other than [those made] in the course of a criminal transaction.’ ” (People v Wells, 133 AD2d 385, 386 [2d Dept 1987] [citations omitted].)
Herein, the complaint alleges, in sum, that on October 20, 2013 at approximately 3:10 a.m., uniform Police Officers Jacob Newman and Christopher Delgrosso of the 46th Precinct responded to a 911 call at 240 East Burnside Avenue, apartment 13E, located in Bronx County, New York. The complaint further alleges the
“defendant was directed to remain outside apartment 13E, and defendant approached and stated in sum and substance FUCK YOU PUSSY I DON’T GOT (sic) TO LISTEN TO YOU, I’M GOING BACK IN THE APARTMENT. Deponent is further informed by informant that defendant then pushed past [Police Officer Christopher Delgrosso] and attempted to enter apartment 13E, and informant, [Police Officer Christopher Delgrosso], grabbed defendant’s left arm and handcuffed it, and defendant swung his right elbow at informant’s face. Deponent is further informed by informant, [Police Officer Christopher Delgrosso], that defendant then twisted his body and arms to avoid being (sic) handcuffed. . . . Deponent is further informed by informant, [Police Officer Christopher Delgrosso] that as a result of defendant’s conduct, he experienced substantial pain, as well as bleeding, swelling, and a laceration to his mouth, and an injury to his hand.” (Criminal complaint; People v Jaqun Walters, 2013BX060727 at 2.)
Therefore, this court finds that the defendant’s representative has presented nothing to show that this court overlooked or misapprehended the law or the facts as presented in the original motion argument. Accordingly, since defendant is attempting to advance an argument different from the original motion, his motion to renew and reargue is denied.
For the reasons stated, this court adheres to its original determination dated January 27, 2014, and denies the defendant’s motion to renew and reargue.

. On or about October 25, 2013, on the People’s motion the felony charge of assault in the second degree was dismissed.