OPINION OF THE COURT
Richard Lee Price, J.
Background and Procedural Posture
By indictment filed on December 24, 2014, defendant was charged with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), as a class E felony, aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]), and other related charges.
By decision and order dated May 13, 2015, this court rendered a decision on defendant’s omnibus motion, in which it denied defendant’s application to dismiss or reduce the indictment, and ordered a combined pretrial InglelJohnson/Mapp/ Huntley/Dunaway hearing.
On June 17, 2015, both the People and the defendant were present in court, at which time this court’s decision was distributed.
By motion filed November 23, 2015, defendant again moved to suppress physical and testimonial evidence obtained during the seizure and search of the defendant, and statements obtained from the defendant.
Leave to Reargue
At the outset, this court notes that nothing contained in the CPL provides for leave to reargue. But the CPLR does, and this court is constrained to follow it. While the Appellate Division, First Department, opined the CPLR has “no application to criminal actions and proceedings,” it was in the context of the defendants’ oral motion to set aside the verdict that the court orally decided on the record (People v Silva, 122 AD2d 750, 750 [1986]). In Silva, the First Department found defendants’ claim that the appeal was “procedurally flawed” pursuant to CPLR 2220 invalid because the People were not required to serve a copy of the written order as a prerequisite to appeal where the order was entered orally on the record (Silva at *860 750). Since then, however, several courts have determined, as this court does, that where there are no applicable provisions in the CPL concerning the issue at hand, those provisions of the CPLR that address the issue may be applied in a criminal action (see e.g. People v Davis, 169 Misc 2d 977 [Westchester County Ct 1996, Leavitt, J.]; People v Radtke, 153 Misc 2d 554 [Sup Ct, Queens County 1992, Goldstein, J.]; People v Cortez, 149 Misc 2d 886 [Crim Ct, Kings County 1990, Stallman, J.]).
CPLR 2221 provides in pertinent part:
“(d) A motion for leave to reargue:
“1. shall be identified specifically as such;
“2. shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion.”
Notably, a party may not simply move to reargue. Rather, a party must ask for leave to do so by identifying that re-argument is sought, and specify the basis upon which it is sought. Then, to prevail, the moving party must demonstrate that the court “overlooked or misapprehended” matters of fact or law (CPLR 2221 [d] [2]).
Discussion
On May 13, 2015, this court rendered a decision which specifically addressed the issues the defendant now seeks to reargue. As noted above, CPLR 2221 affords a defendant a process by which they may challenge a court’s decision, but only where the court “overlooked or misapprehended” the law. CPLR 2221, however, has several procedural requirements that must be met before a court may consider the merits of a motion to reargue.
First, CPLR 2221 (d) (1) expressly requires that any motion to reargue filed with a court be specifically labeled as such. This requirement was designed to relieve the court from speculating whether a party was seeking leave to reargue, or renew it entirely (Patrick M. Connors, 2014 Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C222L7). To be clear, labeling it as one while structuring it as another, or failing to identify it as either, violates the statute (id.).
Here, defendant neglects to identify whether he seeks leave to renew or reargue, leaving this court to simply guess. This alone warrants summary denial. That said, such violations do *861 not necessarily require denial, and in the interest of justice this court declines to deny on this basis. Other procedural defects, however, compel summary denial.
Specifically, CPLR 2221 (d) (3) expressly requires that a motion to reargue be made within 30 days after service of a copy of the order determining the prior motion and written notice of its entry (Patrick M. Connors, 2014 Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:7). Motions seeking leave to reargue filed after the 30-day period enunciated in CPLR 2221, or after the time to take appeal has expired, are untimely (see Benitez v City of New York, 2 AD3d 285 [1st Dept 2003]; Lynch v Williams, 265 AD2d 870 [4th Dept 1999]). And, courts in New York have long held that motions to reargue should be made no later than the time limited for taking an appeal from the order (see Luming Cafe v Birman, 125 AD2d 180, 181 [1st Dept 1986]; Neff v Steven Schwartzapfel, P.C., 254 AD2d 137 [1st Dept 1998]; Henegar v Freudenheim, 40 AD2d 825, 826 [2d Dept 1972]).
As noted, this court rendered its decision on defendant’s omnibus motion on May 13, 2015, which was distributed to both the People and the defendant on June 17, 2015. Neither party, however, served a copy of that decision with notice of entry. As such, the 30-day statutory clock to file a motion to reargue was not triggered (see Luming Cafe, 125 AD2d 180; Zhi Fang Shi v Sanchez, 36 AD3d 486 [1st Dept 2007]). But despite this court’s finding that the CPLR applies where the CPL is silent, the question is whether it is reasonable to condition triggering of the 30-day clock on service with notice of entry in criminal actions.
Generally, notice of entry is a civil practice procedure not commonly used in criminal matters (see People v Coaye, 68 NY2d 857 [1986]; People v Walters, 46 Misc 3d 295 [Crim Ct, Bronx County 2014, Whiten, J.]). Unlike in civil proceedings, appearances in court on criminal cases are routine, and parties are often orally informed by the court of its decision on the record. Both parties are immediately placed on notice of the court’s decision when it is distributed, orally and/or in writing. Hence, the formality of service with notice of entry in criminal cases appears largely superfluous.
As such, the time limitation contained in CPLR 2221 (d) (3), when dealing with a final decision in a criminal matter, should commence from the date it is rendered to the parties. To hold otherwise would militate against the need to expeditiously resolve criminal cases by enabling a party to indefinitely seek *862 leave to reargue (see People v Coaye, 68 NY2d 857 [1986]; People v Walters, 46 Misc 3d 295 [Crim Ct, Bronx County 2014, Whiten, J.]). Thus, while applying the CPLR is generally encouraged, it makes little sense to do so where the purpose and function of criminal practice is frustrated. Given, then, that the decision on defendant’s omnibus motion was rendered to the parties on June 17, 2015, defendant was to have filed the instant motion by July 17, 2015. As noted, he filed it on November 23, 2015, 129 days later. Accordingly, defendant’s motion is untimely.
Regarding leave itself, the decision to grant leave rests within the sound discretion of the court. Granting leave “ ‘is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law’ ” (Mangine v Keller, 182 AD2d 476, 477 [1st Dept 1992], quoting Foley v Roche, 68 AD2d 558, 567-568 [1st Dept 1979], lv denied 56 NY2d 507 [1982]; see also CPLR 2221 [d]). But, persuading the court to change its decision is not, as some view it, synonymous with successive opportunities to more effectively or strenuously argue its position, or present an argument that it initially advanced (Haque v Daddazio, 84 AD3d 940, 941-942 [2d Dept 2011]; Mazinov v Rella, 79 AD3d 979, 980 [2d Dept 2010]; Pryor v Commonwealth Land Tit. Ins. Co., 17 AD3d 434, 435-436 [2d Dept 2005]; McGill v Goldman, 261 AD2d 593, 594 [2d Dept 1999]). In other words, “ ‘[i]ts purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided’ ” (Mangine, 182 AD2d at 477, quoting Foley, 68 AD2d at 567-568). This, however, is exactly what defendant desires. The issues he asserts and argues are precisely those he raised in his first motion, albeit perhaps more fully and effectively presented. But he conspicuously fails to explain how, if at all, this court overlooked or misapprehended the law.
In short, defendant’s motion ostensibly seeking leave to reargue amounts to nothing more than an unsuccessful attempt at a second bite of the omnibus apple; a do-over seeking to more thoroughly or effectively articulate that which he previously argued. This is hardly a basis to justify granting leave to reargue. Leave to reargue this court’s decision dated May 13, 2015 is therefore denied.