■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ALLMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered February 19, 1982, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, criminal possession of a weapon in the fourth degree and unauthorized use of a vehicle, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

The charges against the defendant and an accomplice arose out of the March 16, 1981, robbery at knife point of a taxicab driver in Mount Vernon. The robbers fled with the victim's vehicle, leaving him on the street. Later that same day, a police officer in Darien, Connecticut, was on patrol duty in the parking lot of a Howard Johnson's motel which had been the scene of a recent rash of armed robberies. The officer observed the subject vehicle bearing New York State license plates and learned upon running a routine check on the plate that the vehicle was stolen. When the defendant and his accomplice emerged from the restaurant, they were arrested.

At a preliminary hearing held in the Mount Vernon City Court on March 26, 1981, the court denied the defendant's application to waive his presence. Thereafter, in January 1982, a joint hearing was held in the County Court upon those branches of the defendants' omnibus motion which were to suppress certain evidence and to determine whether probable

cause existed for their arrests. At the close of all of the evidence, the court stated with respect to the identification issue, that "the witness had ample opportunity to observe the Defendants * * * and, further * * * that there's been no suggestiveness involved in this matter here. So, therefore, the motions are denied and my findings of fact and conclusions of law will follow". With respect to the question of probable cause, the court further stated that it found "that the arrest was lawful and likewise, findings of fact and conclusions of law will follow".

On the same day that the hearing concluded the court also denied motions made by the defendant and his codefendant for separate trials, noting that with respect to the defendant, he had testified before the Grand Jury, admitting that he was in the taxicab with the victim, and that the vehicle was taken, not forcibly, but by tricking the victim into leaving the automobile. The defendant then pleaded guilty to all of the counts of the indictment.

The defendant raises no issue concerning the lawfulness of his guilty plea, but contends that the court erred in denying his right to waive his appearance at the preliminary hearing, and in denying his applications to suppress identification testimony and physical evidence. At the outset, we reject the People's contention that the defendant forfeited his right to appellate review of the issues raised in his omnibus suppression motion by pleading guilty prior to the hearing court's issuance of its findings of fact and conclusions of law (see, CPL 710.70 [2]; cf., People v Fernandez, 67 NY2d 686, 688). On this record, it cannot be stated that the hearing court's express denial of the defendant's omnibus motion does not constitute "[a]n order finally denying a motion to suppress evidence" under CPL 710.70 (2). Notwithstanding the fact that the court did not have the opportunity to issue its findings of fact and conclusions of law, this court has a complete factual record to determine whether sufficient evidence exists in the record to support its determination (cf., People v Fernandez, supra; People v Charleston, 54 NY2d 622).

We also agree with the defendant's contention that he should have been permitted to waive his appearance at the preliminary hearing. However, we find that the error was harmless as a matter of law (see, People v James, 100 AD2d 552, 553). The witness had unequivocally identified the defendant as one of the robbers after viewing a police photo array shortly after the incident. Moreover, the record demonstrates that he had ample opportunity, independent of his observation

of the defendant at the hearing, to identify him as one of his assailants.

We reject the defendant's contentions that the composition of the photo array and the photographic identification procedures were unduly suggestive. There is no basis for his argument that his photograph stood out from the others, presenting a substantial likelihood of irreparable misidentification (see, People v Coleman, 114 AD2d 906).

We note that contrary to the defendant's assertions, there is no real issue presented in this case as to identification. The defendant admitted his presence at the scene and in the vehicle during his testimony before the Grand Jury. In any event, we find that an independent basis exists for the victim's in-court identification of the defendant.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.