■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALFRED HOLMES, Respondent. [615 NYS2d 52] —Appeal by the People from an order of the Supreme Court, Kings County (Lewis, J.), dated September 28, 1992, which granted the defendant's motion to dismiss the indictment for failure to comply with his statutory speedy trial rights.

Ordered that the order is affirmed.

The defendant was arrested on August 16, 1990, and charged with burglary in the second degree and related lesser offenses. A felony complaint was filed the following day. Thus, on August 17, 1990, the speedy trial time limitation of six months began to run (CPL 1.20 [16]; 30.30 [1] [a]). This six month period encompassed 184 calendar days. The Supreme Court found that the People were not ready for trial within this 184-day period. We agree.

The People concede that 89 days of delay were chargeable to them, 66 of those days stemming from repeated adjournments due to their inability to locate the file on the defendant's case. However, in addition to this period, several other blocks of time are chargeable to the People.

The Supreme Court initially dismissed the indictment by order dated December 5, 1990. The defendant was released from custody on January 22, 1991. By order dated December 2, 1991, this Court reversed the order dismissing the indictment and ordered that it be reinstated *(see, People v Holmes,* 178 AD2d 437). Notices mailed to the defendant's last known address were returned as undeliverable, as he had moved to a new residence. On March 19, 1992, the defendant was returned on a bench warrant.

Two time periods are in issue regarding the above events. The time after March 11, 1991, when the People filed their notice of appeal, until this Court's decision and order dated

December 2, 1991, reinstating the indictment, is excludable pursuant to CPL 30.30 (4) (a). However, the People, notwithstanding the court's bench ruling dismissing the indictment on December 5, 1990, did not file their notice of appeal until March 11, 1991, because they claim they were never served with a copy of the order. Ordinarily, the time following the dismissal of an indictment must be charged to the People, since, without an indictment, they are clearly unable to proceed to trial (see, People v Bryant, 153 AD2d 636, 639-640). The People argue, however, that the 93 days between December 5, 1990, and March 8, 1991, when they received the written order, should also be excluded because prior to the receipt of that order, they could not file their notice of appeal.

The People are correct that they could not appeal from the court's oral ruling dismissing the indictment (see, People v Herrara, 173 AD2d 850). There is no dispute that the 30 days in which to file their appeal began to run from the date they were served with a copy of the written order (CPL 460.10 [1] [a]). Once served, they promptly perfected their appeal (see, People v Aaron, 201 AD2d 574). However, contrary to the People's present contention, the period during which the People did nothing to obtain a copy of the written order until they moved to unseal the court file on February 28, 1991, does not constitute "a reasonable period of delay resulting from the defendant's motion to dismiss the indictment [nor] a period during which the motion was under consideration by the court". Regardless of whether the defendant failed to serve a copy of the written order on the People, assuming that the defendant had even obtained a copy of the written order, the People nevertheless were less than diligent in their attempt to obtain a copy of the order before the file was sealed. Thus, we agree that this time period of 93 days was appropriately charged to the People. Accordingly, to this point, the People are chargeable with 182 days of post-readiness delay.

The People are also chargeable with the 71 days from January 8, 1992, the date the defendant first failed to appear in court following the reinstatement of the indictment, until March 19, 1992, when he was returned on a bench warrant. The People failed to establish that during this period the defendant, who had been released on January 22, 1991, was attempting to avoid apprehension (see, People v Taylor, 139 AD2d 543). Additionally, the People failed to establish that they exercised due diligence in attempting to locate him (see, People v Bolden, 81 NY2d 146). Accordingly, adding this 71

days to the 182 days already chargeable to the People brings the total delay to 253 days, clearly in excess of six months.

Although the total delay already exceeds statutory limits, we note that the People's initial statement of readiness on October 4, 1990, was made in the absence of defense counsel and the People did not establish that they promptly communicated their readiness to defense counsel thereafter (see, People v Kendzia, 64 NY2d 331, 337). Thus, the initial declaration of readiness was not clearly effectual.

Furthermore, the defendant had served a demand to produce on September 6, 1990. The People had 15 days to comply therewith or as soon as practicable thereafter (see, CPL 240.80 [3]). On September 13, 1990, the court admonished the People to comply. By October 4, 1990, the People had still not complied. On October 24, 1990, the People denied ever having been served with the demand to produce. They finally complied with the demand to produce on November 26, 1990. We agree with the Supreme Court's determination that the time between September 21, 1990, i.e., 15 days after the demand to produce was served, and November 26, 1990, when it was finally answered, should be charged to the People. During this period of default following arraignment on the indictment, there were several adjournments where the only substantive issue discussed was the People's failure to timely comply with the demand to produce. The People contend that the 28 days from the service of the demand to produce on September 6, 1990, to the People's announcement of readiness on October 4, 1990, are properly excludable as a reasonable period of delay resulting from other proceedings concerning the defendant. The Supreme Court held that only the 15 days following service of the demand were reasonable. We agree. The People were admonished to comply with the demand and failed to do so without offering any excuse other than making one erroneous representation that they had never been served. Under these circumstances, the delay following the statutory deadline is properly chargeable to the People (see, People v Commack, 194 AD2d 619). Accordingly, the 13 days from September 21, 1990, to October 4, 1990, were appropriately charged to the People. Moreover, since the People did not establish that their initial statement of readiness was communicated to defense counsel, the 53 days from October 4 to November 26, 1990, when the People finally complied with the demand, were also chargeable to the People as a period of pre-readiness delay.

In sum, the periods chargeable to the People significantly

exceed the strictures of CPL 30.30. Accordingly, the indictment was properly dismissed. Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur