■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAYSON AUSTIN and TERRY HOYLE, Respondents. [618 NYS2d 115] —Mikoll, J. P. Appeal from an order of the County Court of Clinton County (Nicandri, J.), entered May 3, 1993, which granted defendants' motion to preclude evidence.

A Clinton County Grand Jury returned an indictment in August 1992 charging defendants with the crimes of murder in the first degree, criminal possession of a weapon in the third degree and promoting prison contraband in the first degree. The crimes were alleged to have occurred on February 15, 1992 while defendants were inmates at Clinton Correctional Facility. A confidential informant claimed to have witnessed the stabbing of another inmate, Ronald Moore, in the chest by an inmate later identified as defendant Jayson Austin, while another inmate, known to the informant as "Twin" and later identified as defendant Terry Hoyle talked to Moore. The informant had seen defendants on prior occasions in the facility and knew them by sight but did not know their names.

On February 16 or 17, 1992, the informant viewed a photo array of six inmates for the State Police and identified Austin's photo as that of the perpetrator. The State Police then showed the informant a second photo array from which he identified the picture of Hoyle as the other inmate involved.

The People timely served CPL 710.30 notices on defendants relating to these identifications. Only Austin sought to suppress such evidence by a pretrial motion which, following a *Wade* hearing, County Court denied. Thereafter, a trial jury was selected and impaneled in May 1993. It appears that it was not until that point that defense and prosecution counsel became aware that the Department of Correctional Services (hereinafter DOCS) had conducted a tier III hearing charging Austin with disciplinary violations at which the confidential informant made another photo identification of both defen-

dants on February 27, 1992 from a single photo array presented by DOCS officers. However, the People did not serve CPL 710.30 notices pertaining to this later identification. Defendants moved prior to opening statements to preclude the admission of such evidence.

Upon argument of the motion, the People maintained that they had no prior knowledge of the February 27, 1992 identification. The People pointed out that DOCS treated its disciplinary hearing minutes as confidential and did not release them until after jury selection. The People argued that they did not intend to use the DOCS photo array at trial and that the DOCS proceeding was separate and apart from the prosecution of the indictment. Following the argument, County Court granted defendants' motion and precluded any in-court identification of defendants by the informant because of the People's failure to serve the CPL 710.30 notices.

The People then requested an adjournment to pursue an appeal from County Court's preclusion order. The People argued that they would not be able to prove their case as a result of the precluded in-court identification testimony of the confidential informant, that they intended to appeal County Court's decision pursuant to CPL 450.20 (8) and that they would file a statement concerning proof in compliance with that section's requirements. County Court denied the request for an adjournment, pointing out that this was not an order of suppression and therefore probably not appealable under CPL 450.20. The People subsequently conceded that they could not prove a prima facie case and elected not to make an opening statement. County Court therefore granted defendants' motions to dismiss for failure of proof and dismissed the indictments as to both defendants.

There must be a dismissal of the People's appeal. Initially, we note that it appears that the People ostensibly have taken an appeal from a decision of County Court without the entry of an order reflecting the court's decision (see, People v Herrara, 173 AD2d 850; People v Herrara, 171 AD2d 85, 87). This issue has not been briefed by the parties, however, and while this Court may treat a premature notice of appeal as valid in its discretion in the interest of justice (see, CPL 460.10 [6]) and hold the appeal in abeyance until a proper appealable order is entered (see, People v Herrara, 173 AD2d 850, supra), such relief is not warranted on the facts and circumstances of this case. We are unable to conclude, as the People urge, that County Court's order of preclusion is but a masquerade for what is, in reality, an order of suppression.

Assuming arguendo that County Court's decision is or could be subject to appeal, there is no authority permitting the People to appeal from an order which precludes the introduction of identification evidence because of the People's failure to timely serve a CPL 710.30 notice upon a defendant *(see,* CPL 450.20 [8]; 710.20 [6]; *People v Laing,* 79 NY2d 166, 170-171; *cf., People v Taylor,* 65 NY2d 1, 6). It is not up to this Court to judicially rewrite the legislation governing appeals to create a right to appeal from an order of preclusion based upon the failure to comply with the notice required under CPL 710.30 *(see, People v Laing, supra,* at 172; *see also, People v Smith,* 149 Misc 2d 998, 1007-1010). The People's denomination of the preclusion decision/order as a suppression decision/order is contrary to County Court's ruling and is not factually sustainable. Moreover, even if County Court's decision/order was treated as a CPL 710.30 suppression order, it would not be appealable because it was not entered before trial as required by statute *(see,* CPL 450.20 [8]; 450.50 [2]). Rather, a jury had been impaneled and sworn when County Court made its ruling.

In any event, the dismissal of the indictments by County Court was based on the failure of the People to produce sufficient legal evidence. Thus, assuming that the People could maintain a valid appeal here, it would be to no avail because County Court's dismissal of the indictments due to such evidentiary failure prohibits further prosecution of the charges on double jeopardy principles. Jeopardy attached because the jury had been impaneled and sworn *(see,* CPL 40.30 [1] [b]). The dismissal of the indictments on such basis is equal to an acquittal, preventing any retrial *(see, Sanabria v United States,* 437 US 54, 66-68; *see also, Tibbs v Florida,* 457 US 31, 41).

Further, the People have not taken an appeal from the decision/order or from any judgment dismissing the indictments following the People's failure to produce any evidence at trial, but instead specifically appeal only from the decision/order granting defendants' motion to preclude identification evidence for the failure to timely serve further CPL 710.30 notices concerning the third photo identification. Thus, an appeal from County Court's decision dismissing the indictments is not properly before this Court.

Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the appeal is dismissed.