■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN WALLACE, Respondent. [632 NYS2d 94] —Order, Supreme Court, Bronx County (John S. Moore, J.), entered January 21, 1994, which granted defendant's motion to dismiss the indictment at the conclusion of the People's opening statement, unanimously reversed, on the law, and the indictment is reinstated.

It is clear that no matter what the ground for dismissal, an order granting a motion to dismiss an indictment finally determines the People's case unless reversed on appeal (*People v Coppa*, 45 NY2d 244, 249). The order of dismissal at issue herein was entered on the record and is therefore appealable (*see, People v Silva*, 122 AD2d 750; *cf., Talcott Factors v Larfred, Inc.*, 115 AD2d 397, *lv dismissed* 67 NY2d 604).

In both a jury and non-jury trial, "a trial court may not dismiss after opening unless it shall appear from the statement that the charge cannot be sustained under any view of the evidence and it may dismiss then only after the prosecutor has been given an opportunity to correct any deficiency" (*Matter of Timothy L.*, 71 NY2d 835, 837-838). It has been held that even the failure to mention one of the elements of the crime charged is not fatal (*see, People v Brown*, 104 AD2d 696). In this case we find no basis upon which to conclude from the prosecutor's opening statement that the charges against the defendant could not have been sustained under any view of the evidence. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Tom, JJ.