[973 NE2d 172, 950 NYS2d 77]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CAROL ELMER, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN O. COOPER, Appellant.

Argued May 30, 2012; decided June 27, 2012

## POINTS OF COUNSEL

*Nicole Duvé, District Attorney*, Canton (*Amanda N. Nissen* of counsel), for appellant in the first above-entitled action. The Appellate Division erred in dismissing the People's appeal because an appeal properly lies from an oral order. (*People v Silva*, 122 AD2d 750; *People v Wallace*, 220 AD2d 248; *People v Parker*, 223 AD2d 179; *People v Ainsworth*, 106 AD2d 357; *People v Hetenyi*, 277 App Div 310, 301 NY 757; *People v Holmes*, 206 AD2d 542; *People v Herrara*, 173 AD2d 850; *People v Herne*, 84 AD3d 1589; *People v Price*, 67 AD2d 990.)

*Richard V. Manning*, Parishville, for respondent in the first above-entitled action.

*Timothy P. Donaher, Public Defender*, Rochester (*Drew R. Du-Brin* of counsel), for appellant in the second above-entitled action. I. The County Court's determination, made at the bench, is an order finally denying defendant's motion to suppress and, therefore, defendant did not forfeit his right to appellate review of his suppression claim by pleading guilty. (*People v Fernandez*, 67 NY2d 686; *People v Taylor*, 65 NY2d 1; *People v Manini*, 79 NY2d 561; *Riley v County of Broome*, 95 NY2d 455; *People v*

*Coaye*, 68 NY2d 857; *People v Kisina*, 14 NY3d 153; *Cohen v Lord, Day & Lord*, 75 NY2d 95; *Matter of Balter v Regan*, 63 NY2d 630; *People v Allman*, 133 AD2d 638; *People v Wallace*, 220 AD2d 248.) II. The Appellate Division correctly held that defendant's waiver of the right to appeal is unenforceable because the record fails to demonstrate that it was knowing, intelligent, and voluntary. (*People v Seaberg*, 74 NY2d 1; *People v Hidalgo*, 91 NY2d 733; *People v Harris*, 61 NY2d 9; *People v Callahan*, 80 NY2d 273; *People v Lopez*, 6 NY3d 248; *People v Moissett*, 76 NY2d 909; *People v Kemp*, 94 NY2d 831; *Jones v Barnes*, 463 US 745; *People v Louree*, 8 NY3d 541; *People v Murray*, 15 NY3d 725.) III. As a matter of law, the police's observations of a grocery bag stuffed with cash sticking out of defendant's shorts and a small baggie with white residue in the van defendant was driving did not give police probable cause to arrest him for possession of cocaine. (*People v Carrasquillo*, 54 NY2d 248; *People v Davis*, 36 NY2d 280; *People v Oden*, 36 NY2d 382; *People v McRay*, 51 NY2d 594; *People v Wirchansky*, 41 NY2d 130; *People v Dodt*, 61 NY2d 408; *People v Edwards*, 95 NY2d 486; *People v Nieves*, 67 NY2d 125; *People v Concepcion*, 17 NY3d 192; *People v Muhammad*, 17 NY3d 532.)

*Sandra Doorley, District Attorney*, Rochester (*Geoffrey Kaeuper* of counsel), for respondent in the second above-entitled action. I. As part of the agreed-upon plea, defendant waived his right to appeal. (*People v Ramos*, 7 NY3d 737; *People v Bradshaw*, 18 NY3d 257; *People v Kemp*, 94 NY2d 831.) II. By pleading guilty without obtaining an order finally denying his suppression motion, defendant forfeited any suppression issues. (*People v Konieczny*, 2 NY3d 569; *People v Fernandez*, 67 NY2d 686; *People v Hardy*, 13 NY3d 805; *People v Thomas*, 53 NY2d 338; *Burke v Crosson*, 85 NY2d 10; *People v Ventura*, 139 AD2d 196; *People v Williams*, 43 AD2d 884, 36 NY2d 829; *People v Taylor*, 65 NY2d 1; *People v Seaberg*, 74 NY2d 1.) III. Police had probable cause to arrest defendant. (*People v Silvestry*, 11 NY3d 902; *People v Edwards*, 14 NY3d 741; *People v Mizell*, 72 NY2d 651; *People v Shulman*, 6 NY3d 1; *People v Moore*, 6 NY3d 496; *People v Carrasquillo*, 54 NY2d 248; *People v Bigelow*, 66 NY2d 417.)

**OPINION OF THE COURT**

JONES, J.

The common issue presented by these appeals is whether an appeal lies from an oral order issued by a criminal court on a

pretrial matter. In *People v Elmer*, the People appealed pursuant to CPL 450.20 (1) from an oral decision by the trial court that granted, in part, defendant's motion to dismiss the indictment on speedy trial grounds. In *People v Cooper*, defendant sought review pursuant to CPL 710.70 (2) of an oral order denying his motion to suppress evidence obtained in a search attendant to his arrest. In both cases, the Appellate Division ruled adversely to the appellants, finding that the failure to obtain a written order precluded appellate review. We conclude otherwise, holding that an appeal does lie from an oral order of a criminal court that finally disposes of the pretrial matter at issue.

## People v Carol Elmer

Defendant Carol Elmer was charged with 37 counts of overdriving, torturing and injuring an animal in violation of Agriculture and Markets Law § 353 for the alleged failure to properly care for horses within her custody. In a pretrial motion, defendant moved to controvert the search warrant used to enter her premises and to suppress evidence. Although County Court ordered a suppression hearing, the matter was adjourned several times by the People due to the ostensible unavailability of a witness. Consequently, defendant moved to dismiss the indictment on statutory speedy trial grounds.

County Court granted the motion in part, dismissing the first 22 counts of the indictment. Recounting the procedural history of the matter, the court noted the dilatory efforts of the prosecution in procuring the witness, remarking that "the People, by not being ready for a hearing, delayed, actually made it impossible [for] the scheduling of a trial, holding of a trial, and by not being ready for a suppression hearing concerning a search warrant, they should be held with post-readiness delay because it prevented the trial from going forward." The court orally ordered that "[t]he first 22 counts are dismissed as defendant was denied her right to a speedy trial."

The Appellate Division dismissed the People's appeal and remitted the matter to County Court for the issuance of a written order, concluding that no appeal lies from the "County Court's oral ruling dismissing the first 22 counts of the indictment [as it] was never reduced to a writing and was never entered" (84 AD3d 1593, 1593 [3d Dept 2011]). A Judge of this Court granted the People leave to appeal (17 NY3d 903 [2011]).

*People v Kevin Cooper*

As a result of a vehicular stop, arrest and search that uncovered narcotics, defendant Kevin Cooper was charged with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, bribery in the third degree and certain traffic violations.

Acting on an anonymous tip that a van marked by a light-colored stripe and driven by an individual wearing red shorts was transporting narcotics, the police stopped defendant's vehicle—which matched the description—after observing that it lacked a rear license plate lamp and had made an unlawful right turn without the appropriate signal. When the police approached the vehicle, they observed defendant dressed in red shorts and upon further inspection, in plain view, officers observed a grocery bag "bulging with money" on defendant's person and "a little dime baggie with white residue" on the vehicle's console. As a result, defendant was arrested and an ensuing search recovered a small portion of cocaine secreted in defendant's right sock.

Following a suppression hearing to preclude the recovered evidence, County Court denied defendant's motion to suppress. That court remarked and orally decided that

> "Officer Masik had probable cause to stop the van initially for his observation of the vehicle and traffic violations of no tail lamp and failure to signal a turn and based upon the information that he received from the individual that everything matched the description. When Officer Masik observed the residue in the console of the car he had probable cause to ask the defendant out of the car and subsequently arrest him for possession of that residue . . . so the Court is going to deny the defendant's motion to suppress any evidence on the People's direct case. Your exception is noted for the record."

Ultimately, defendant pleaded guilty to criminal possession of a controlled substance in the third degree.

On appeal from his judgment of conviction, defendant sought review pursuant to CPL 710.70 (2) of the suppression court's denial of his motion to suppress. The Appellate Division, however, concluded that defendant forfeited his statutory right of review because he had entered a guilty plea prior to the transcription of the oral order (85 AD3d 1594, 1595 [4th Dept

2011]). In that court's view, section 710.70 (2) was inapplicable because it did not permit appellate review of an oral bench decision denying a suppression motion. In the alternative, that court also addressed the merits and concurred with the trial court's determination that defendant's arrest was supported by probable cause. A Judge of this Court granted defendant leave to appeal (17 NY3d 902 [2011]). We now reverse in *Elmer* and affirm in *Cooper*.

## Discussion

■ The principal argument set forth by the appellants is that the term "order" encompasses both oral and written orders because the Legislature has expressly provided for a "written order" when specifically required. Accordingly, it is asserted that an appeal does lie from an oral "order." We agree.[1]

The Legislature is presumed to be aware of the distinction between the terms "order" and "written order" and thus, absent an express definition, we ascribe a broader view to its use of the unqualified phrase "order." Where deemed necessary, the Legislature has provided for a "written order" in certain provisions of both the Criminal Procedure Law and the Penal Law (*see* CPL 195.30 [when a court approves waiver of an indictment, it must "execute a written order to that effect"]; Penal Law § 215.70 [a person is guilty of unlawful grand jury disclosure unless the disclosure was made "upon written order of the court"]; *see also* CPL 190.25 [4] [a]; CPL 420.10 [6]; CPL 420.40 [5]; Penal Law § 85.05 [3] [b]). By contrast, in *Elmer*, the People appeal under CPL 450.20 (1) which provides that the prosecution can appeal from "[a]n *order* dismissing an accusatory instrument or a count thereof, entered pursuant to section 170.30, 170.50 or 210.20" (emphasis added). Likewise, in *Cooper*, defendant relies upon CPL 710.70 (2) which provides that "[a]n *order* finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty" (emphasis added). These two provisions, and other similar penal statutes, significantly, permit appeals from an "order" without further restriction. It logically follows,

---

1. Our holding does not, in any way, abrogate the well settled rule that "[n]o appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute" (*People v Pagan*, 19 NY3d 368, 370 [2012], quoting *People v Dunn*, 4 NY3d 495, 497 [2005]; *People v Hernandez*, 98 NY2d 8, 10 [2002]).

then, that a statute authorizing an appeal from an "order"—as opposed to a "written order"—should be construed to permit an appeal from either a written or oral order.[2]

This Court previously held as much in *People v Coaye* (68 NY2d 857 [1986]). In that case, upon the defendant's motion, Supreme Court orally reduced an attempted murder conviction to a lesser degree and then immediately pronounced sentence, commencing the defendant's 30-day period to appeal as of right from the judgment of conviction under CPL 460.10. While the defendant's appeal was pending, the People obtained, some time thereafter, a written order memorializing the oral decision and then appealed from the written order on a separate appellate track. The Appellate Division ultimately consolidated the dual appeals and reversed, reinstating the jury's original conviction on the attempted murder count. The defendant contended that the People's appeal should not have been entertained because it had been commenced well beyond the 30-day period following the oral order. In turn, the People responded that an appeal is only appropriately taken upon the entry of a written order.

Under the factual circumstances of that case, where the oral decision rendered on the motion was subsumed by the judgment of conviction by virtue of the pronouncement of the sentence immediately after, we held that the People should have appealed from the oral order (68 NY2d at 858-859). Of primary concern was the potential unfairness engendered by the directives of section 460.10, namely, that a defendant has 30 days to appeal as of right from the judgment of conviction, whereas the People could conceivably enlarge the time to appeal by procuring a written order at a later date. Although *Coaye* presented unique factual circumstances, it demonstrated our willingness to sanction appeals from oral orders and we now think it is sound policy to permit such appeals so long as they are taken, in accordance with the appropriate governing criminal statute, from an oral order that conclusively disposes of the matter at issue.[3] This not only provides a clear signal to the respective parties as

---

**2.** The Civil Practice Law and Rules, unlike the Criminal Procedure Law, explicitly defines the term "order" as written in nature, mandating that an order determining a motion "shall be in writing" or "shall be reduced to writing or otherwise recorded" (CPLR 2219 [a]). Moreover, a civil appeal as of right is to be taken within 30 days from service of "a copy of the judgment or order appealed from and written notice of its entry" (CPLR 5513 [a]; *see also* CPLR 2220).

**3.** We find no persuasive authority supporting a series of Appellate Division cases that routinely dismissed, or held in abeyance, appeals taken from

*(n. cont'd)*

to when the time to appeal certain orders commences, but also mitigates potentially anomalous consequences, as illustrated by *Coaye*. Further, our holding reflects and accommodates the common experience of criminal practice where courts may issue oral decisions, often on a multitude of matters, without engaging in the additional affirmative step of ensuring that every order is reduced to writing. The failure to do so does not necessarily render an oral order infirm nor undermine its intended final authority.

In light of the foregoing, the Appellate Division erred in *People v Elmer* by dismissing the appeal and remitting the matter to County Court. The People were entitled under section 450.20 (1) to appellate review of the lower court's oral decision dismissing certain counts of the indictment.

In *People v Cooper*, it was similarly error to conclude that defendant's appeal under section 710.70 (2) was forfeited by the entry of his guilty plea simply because the oral order had not been issued in writing. Although a guilty plea "generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings," section 710.70 (2) has been recognized as a limited exception permitting appellate review, notwithstanding the entry of a guilty plea (*People v Fernandez*, 67 NY2d 686, 688 [1986]). Moreover, we have countenanced a forfeiture of this statutory right only where a defendant pleaded guilty "before the hearing on his suppression motion," thereby foreclosing appellate review for lack of a sufficient factual record (67 NY2d at 688). Here, even though the suppression motion was decided orally, it is evident that it was "an order finally denying a motion to suppress evidence." The suppression court issued its findings of fact on the record; found sufficient probable cause for the stop, arrest and search of defendant; denied the motion to suppress; noted defendant's exception and immediately set the matter for a trial date. We reject the People's contention that the issuance of a written order, a ministerial act, was a pending judicial action that rendered the oral order non-final (*see People v Allman*, 133 AD2d 638, 639 [2d Dept 1987] ["On this record, it cannot be stated that the hearing court's express denial of the defendant's omnibus

oral orders (*see People v Holmes*, 206 AD2d 542 [2d Dept 1994]; *People v Austin*, 208 AD2d 990 [3d Dept 1994]; *People v Herrara*, 173 AD2d 850 [2d Dept 1991]; *cf. People v Wallace*, 220 AD2d 248 [1st Dept 1995]; *People v Silva*, 122 AD2d 750 [1st Dept 1986]).

motion does not constitute '(a)n order finally denying a motion to suppress evidence' "]).

■ However, with respect to *People v Cooper*, the Appellate Division did reach the merits of the parties' contentions and reversal is not warranted here. Contrary to the People's argument, despite defendant's execution of a written waiver of the right to appeal, he did not knowingly, intelligently or voluntarily waive his right to appeal as the record fails to demonstrate a "full appreciation of the consequences of such waiver" (*People v Bradshaw*, 18 NY3d 257, 264 [2011] [internal quotation marks omitted]; *People v Lopez*, 6 NY3d 248, 256 [2006]). There was no "attempt by the court to ascertain on the record an acknowledgment from defendant that he had, in fact, signed the waiver or that, if he had, he was aware of its contents" (*People v DeSimone* [companion case to *People v Callahan*, 80 NY2d 273, 283 (1992)]). Moreover, defendant's assertion that the police lacked probable cause to effectuate an arrest and search presents a mixed question of law and fact beyond the purview of this Court's jurisdiction so long as there is record support for the lower courts' determination (*see People v Bigelow*, 66 NY2d 417, 420 [1985]; *People v McRay*, 51 NY2d 594, 601 [1980]; *People v Wharton*, 46 NY2d 924, 925 [1979]). In this case, there is sufficient record evidence that the police possessed probable cause, foreclosing further review.

Accordingly, in *People v Elmer*, the order of the Appellate Division should be reversed and the case remitted to the Appellate Division, Third Department, for consideration of the merits of the appeal taken to that court. In *People v Cooper*, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

In *People v Elmer*: Order reversed, etc.

In *People v Cooper*: Order affirmed.