# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**465**

**KA 15-00852**

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CODY TESTERMAN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered April 17, 2014. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We agree with defendant that his waiver of the right to appeal does not encompass his challenge to the severity of the sentence. First, " 'no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction' that he was also waiving his right to appeal any issue concerning the severity of the sentence" (*People v Lorenz*, 119 AD3d 1450, 1450, *lv denied* 24 NY3d 962; *see People v Maracle*, 19 NY3d 925, 928). Second, " '[a]lthough the record establishes that defendant executed a written waiver of the right to appeal, there was no colloquy between [Supreme] Court and defendant regarding the waiver of the right to appeal to ensure that' defendant was aware that it encompassed his challenge to the severity of the sentence" (*People v Avellino*, 119 AD3d 1449, 1449-1450; *see generally People v Bradshaw*, 18 NY3d 257, 264-266). We nevertheless conclude that the negotiated sentence is not unduly harsh or severe. We note that defendant stabbed the victim more than 20 times, including 18 times in his face, throat, and stomach, thereby causing his death. Although charged with murder in the second degree, defendant was allowed to plead guilty to manslaughter in the first degree with the understanding that he would

receive the agreed-upon sentence.

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court