People v Allen (2019 NY Slip Op 03198)





People v Allen


2019 NY Slip Op 03198


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


424 KA 16-02338

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CUESHAN ALLEN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ELIZABETH RIKER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered July 8, 2016. The judgment convicted defendant, upon his plea of guilty, of arson in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of arson in the third degree (Penal Law § 150.10 [1]). As defendant contends and the People correctly concede, defendant did not validly waive his right to appeal. Although the record establishes that he executed a written waiver of the right to appeal, Supreme Court did not engage defendant in any colloquy regarding the waiver to ensure that it was made knowingly, voluntarily, and intelligently (see People v Testerman, 149 AD3d 1559, 1559 [4th Dept 2017]; People v Carno, 101 AD3d 1663, 1664 [4th Dept 2012], lv denied 20 NY3d 1060 [2013]). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court