People v Golson (2019 NY Slip Op 04403)





People v Golson


2019 NY Slip Op 04403


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-13419
 (Ind. No. 2591/16)

[*1]The People of the State of New York, respondent,
v
David Golson, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Roni C. Piplani, and Timothy R. McGrath of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Barry Kron, J.), imposed November 3, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see e.g. People v Melendez, 164 AD3d 1473; People v James, 164 AD3d 1363; People v Vinson, 161 AD3d 1109). The Supreme Court failed to confirm whether the defendant signed, read, or understood the written waiver (see People v Elmer, 19 NY3d 501, 510; People v Callahan, 80 NY2d 273, 283), and the court's oral colloquy with the defendant did not demonstrate that the defendant understood the distinction between the rights automatically waived by a plea of guilty and the waiver of the right to appeal (see People v Lopez, 6 NY3d 248, 257). Thus, the purported waiver does not preclude review of the defendant's excessive sentence claim (see id. at 257). However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court