People v Martin (2020 NY Slip Op 01991)





People v Martin


2020 NY Slip Op 01991


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


226 KA 18-00668

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOUGLAS MARTIN, DEFENDANT-APPELLANT.






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIELLE E. PHILLIPS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered October 4, 2017. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), defendant contends that the waiver of the right to appeal is invalid and that County Court erred in denying his suppression motion. Contrary to defendant's contention, the waiver of the right to appeal is valid because during the colloquy the court established, through more than a mere single reference, that the right to appeal was "separate and distinct" from those rights automatically forfeited by the plea (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Richards, 93 AD3d 1240, 1240 [4th Dept 2012], lv denied 20 NY3d 1014 [2013]), and the court's language did not " mischaracterize[] the nature of the right . . . defendant [was] being asked to cede' " (People v Smalley, 38 AD3d 1281, 1282 [4th Dept 2007]). Moreover, the court ascertained on the record that defendant had reviewed and signed the written waiver of the right to appeal (see People v Elmer, 19 NY3d 501, 510 [2012]), which explained in detail the right that he was waiving.
The valid waiver of the right to appeal encompasses defendant's challenges to the court's suppression ruling (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Rohadfox, 175 AD3d 1813, 1814 [4th Dept 2019], lv denied 34 NY3d 1019 [2019]; People v Beardsley, 173 AD3d
1722, 1723 [4th Dept 2019], lv denied 34 NY3d 928 [2019]).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court