People v Russell (2020 NY Slip Op 03427)





People v Russell


2020 NY Slip Op 03427


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-12144
 (Ind. No. 428/17)

[*1]The People of the State of New York, respondent,
v
Corey Russell, appellant.


Paul Skip Laisure, New York, NY (Benjamin Welikson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Caroline R. Donhauser of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (William M. Harrington, J.), imposed August 25, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of the right to appeal was invalid, as the record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a plea of guilty (see People v Moyett, 7 NY3d 892, 893; People v Pinchback, 173 AD3d 773; People v Baker, 154 AD3d 693). In particular, during the plea colloquy, the Supreme Court, after advising the defendant of the rights automatically forfeited upon a plea of guilty, informed the defendant, "By pleading guilty, you also give up or waive your right to appeal" (see People v Moyett, 7 NY3d at 893). Moreover, although the defendant signed a written waiver, the court did not ascertain on the record whether the defendant had read the waiver or whether he was even aware of its contents (see People v Elmer, 19 NY3d 501, 510; People v Callahan, 80 NY2d 273, 283; People v Baldassarre, 175 AD3d 1315; People v Pinchback, 173 AD3d 773). Accordingly, and in light of the defendant's age, inexperience, and background (see People v Bradshaw, 18 NY3d 257, 264-265), the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal. The purported waiver, therefore, does not preclude appellate review of the defendant's excessive sentence claim.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court