People v Cipolla (2020 NY Slip Op 04718)





People v Cipolla


2020 NY Slip Op 04718


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


736 KA 18-02274

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON CIPOLLA, DEFENDANT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (James A.W. McLeod, A.J.), rendered September 26, 2018. The judgment convicted defendant upon a plea of guilty of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20), defendant contends that the waiver of the right to appeal is not valid. We agree. We conclude that the colloquy was insufficient to ensure that the waiver was voluntary, knowing, and intelligent, because County Court provided defendant with erroneous information about the scope of the waiver of the right to appeal, including characterizing the waiver as an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d 545, 560-564 [2019], cert denied — US — [Mar. 30, 2020]). The better practice is for the court to use the Model Colloquy, "which neatly synthesizes . . . the governing principles' " (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting Thomas, 34 NY3d at 567; see NY Model Colloquies, Waiver of Right to Appeal). Furthermore, although there was also a written waiver of the right to appeal, "the court failed to confirm that [defendant] understood the contents of the written waiver[]" (Thomas, 34 NY3d at 566; see People v Cooper, 85 AD3d 1594, 1594 [4th Dept 2011], affd 19 NY3d 501 [2012]; People v Testerman, 149 AD3d 1559, 1559 [4th Dept 2017]). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court