People v Smith
2026 NY Slip Op 04094
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
JONATHAN SMITH, DEFENDANT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
445 KA 25-00058
Present: Curran, J.P., Bannister, Montour, Greenwood, And Hannah, JJ.

MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR APPELLANT.
THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (PAUL B. CURTIN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

Appeal from an oral order of the Erie County Court (Suzanne Maxwell Barnes, J.), dated December 11, 2024. The oral order granted the motion of defendant to dismiss the indictment.
[*1]
It is hereby ORDERED that the oral order so appealed from is unanimously reversed on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to Erie County Court for further proceedings on the indictment.
Memorandum: The People appeal from an oral order (see generally People v Elmer, 19 NY3d 501, 507-508 [2012]) granting defendant's motion insofar as it sought dismissal of the indictment as a sanction for a discovery violation. We reverse.
As part of their discovery obligations, the People turned over to defendant screenshots of text messages between defendant and the complainant that the People had in their possession. Just prior to trial, the People learned from the complainant that, before taking the screenshots, she had deleted some of the text messages between her and defendant. The People promptly notified defense counsel of that revelation. Defendant then moved for, inter alia, dismissal of the indictment or, alternatively, preclusion of all the text messages and any reference to them as a discovery sanction pursuant to CPL 245.80 (1) (b). County Court determined that the People did not exercise due diligence or make reasonable efforts to discover the deleted messages and that the belated discovery warranted a sanction pursuant to CPL 245.80 (1) (b). Although the court initially imposed the sanction of preclusion, it dismissed the indictment upon reargument.
Initially, defendant asserts that the appeal should be dismissed for lack of jurisdiction because the People sought dismissal of the indictment instead of preclusion so that they could appeal from the order, and thus they are not aggrieved by the order. We reject that contention inasmuch as the People are aggrieved by an order dismissing the indictment (see CPL 450.20 [12]).
With respect to the merits, CPL 245.80 (1) (b) provides in relevant part that "[w]hen material or information is discoverable under this article but cannot be disclosed because it has been lost or destroyed, the court shall impose an appropriate remedy or sanction if the party entitled to disclosure shows that the lost or destroyed material may have contained some information relevant to a contested issue." We agree with the People that they did not violate their discovery obligations and that the court thus erred in granting the motion insofar as it sought the imposition of a sanction.
CPL 245.20 requires the People to turn over certain material and information "in the possession, custody or control of the prosecution or persons under the prosecution's direction or [*2]control" (CPL 245.20 [former (1)]; see People v Bay, 41 NY3d 200, 208 [2023]; People v Walker, 232 AD3d 1214, 1217 [4th Dept 2024], lv denied 42 NY3d 1082 [2025]). Here, the People established that the deleted text messages did not meet the possessory prong of CPL 245.20 (former [1]) (see People v Walker, 248 AD3d 1708, 1708 [4th Dept 2026]; Walker, 232 AD3d at 1217). Inasmuch as the records were "neither 'in the possession, custody or control of the prosecution,' nor 'in the possession, custody or control of . . . persons under the prosecution's direction or control' (CPL 245.20 [former (1)]) . . . , the records were not part of the 'discovery required by [CPL 245.20 (former [1])]' " (Walker, 232 AD3d at 1217; see People v Dibble, 247 AD3d 1566, 1568 [4th Dept 2026]; People v Radford, 237 AD3d 1511, 1512 [4th Dept 2025], lv denied 43 NY3d 1048 [2025]), and the People were not required to " 'make a diligent, good faith effort to ascertain the existence' of [the text messages] and cause them to be made available for discovery" (Walker, 248 AD3d at 1709). The People did not violate their continuing obligation to ascertain the existence of discovery material (see CPL 245.20 [2]). Once the People discovered that certain text messages had been deleted, they promptly notified defense counsel.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court